IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| HORACE STRICKLAND, JR., | : |
| Petitioner, | : |
| VS. | :  7:13-CV-3 (HL) |
| SHERIFF PRINE, | : |
| Respondent. | : |

## RECOMMENDATION

Presently pending in this § 2254 action is Respondent=s Motion to Dismiss asserting, in part, that this federal habeas Petition is untimely filed. (Doc. 15). Respondent contends that Petitioner filed this federal habeas Petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act (AAEDPA@). The Petition was signed on January 2, 2013 and filed with the Clerk on January 4, 2013. (Doc. 1).

On December 4, 2000, Petitioner was sentenced to nine years to serve and nine years probation after being found guilty of sale of cocaine. (*See* Docs. 1, 14-2). Petitioner did not appeal his conviction or sentence, nor did he file a state habeas petition. (Doc. 1).

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq., a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." Section 2244(d)(2).

Petitioner filed this habeas Petition challenging his December 4, 2000 conviction and

sentence.  Petitioner did not file a direct appeal, making the judgment of conviction final on January 3, 2001, the date on which the 30-day period for filing a notice of appeal expired. Pursuant to 28 U.S.C. § 2244(d), Petitioner was required to file a state habeas petition by January 3, 2002 to toll the limitations period.  Petitioner did not execute a state habeas petition.  The tolling provision of § 2244(d)(2) therefore does not protect Petitioner.  *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011).  As Petitioner did not file a state habeas petition and Petitioner's federal habeas Petition was filed more than one year after his conviction was final, the federal time limitations period had run and Petitioner's federal habeas Petition is untimely.

Accordingly, it is the recommendation of the undersigned that Respondent's Motion to Dismiss be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478, 483-84 (2000).  Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.  If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 23rd day of September, 2013.

                                                s/ ***THOMAS Q. LANGSTAFF***
                                                **UNITED STATES MAGISTRATE JUDGE**

llf